**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Sientra, Inc.** | |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) |

**20-5551000**

| | |
|---|---|
| 4. | **Debtor's address** |

**Principal place of business**

**3333 Michelson Drive**
**Suite 650**
**Irvine, CA 92612**
Number, Street, City, State & ZIP Code

**Orange**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://sientra.com/** |

| | |
|---|---|
| 6. | **Type of debtor** |

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Sientra, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**7.**  **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5047

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

Debtor    **Sientra, Inc.**                                          Case number (*if known*) _____
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Rider 1** | Relationship | _____ |
|---|---|---|---|

| District | _____ | When | _____ | Case number, if known | _____ |
|---|---|---|---|---|---|

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
Contact name _____
Phone _____

## ▇ Statistical and administrative information

**13. Debtor's estimation of available funds** .

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Sientra, Inc.**
_____
Name

Case number (*if known*) _____

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million

- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Sientra, Inc.** | Case number (*if known*) | |
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **February 12, 2024**
                 MM / DD / YYYY

**X** **/s/ Ronald Menezes**                          **Ronald Menezes**
Signature of authorized representative of debtor      Printed name

Title      **President and CEO**

**18. Signature of attorney**

**X** **/s/ Laura Davis Jones**          Date **February 12, 2024**
Signature of attorney for debtor              MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-652-4100**      Email address   **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re **Sientra, Inc.** _____       Case No. _____

                                                    Debtor(s)       Chapter      **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-36709**   .

2. The following financial data is the latest available information and refers to the debtor's condition on   **9/30/2023**   .

   a. Total assets                                                          $ _____ **139,933,000.00**

   b. Total debts (including debts listed in 2.c., below)                   $ _____ **171,978,000.00**

   c. Debt securities held by more than 500 holders:

|  |  |  |  | | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **Unknown** | |

   d. Number of shares of preferred stock                          **0**                    **0**

   e. Number of shares common stock                           **12,294,638**                **0**

   Comments, if any:
   **The Debtor will file schedules and a statement of financial affairs pursuant to Fed R. Bankr. P. 1007(c) at a date to be determined by this Court.  The amounts listed above reflect amounts listed on the Debtor's books and records, and may not be reflective of actual values.**

3. Brief description of Debtor's business:
   **Sientra is a surgical aesthetics company focused on empowering people to change their lives through increased self-confidence and self-respect.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Sientra, Inc.

1. Sientra, Inc.
2. Mist Holdings, Inc.
3. Mist, Inc.
4. Mist International, Inc.

## ACTION BY UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF SIENTRA, INC.

### Effective as of February 12, 2024

The undersigned, being all of the members of the Board of Directors (the "**Board**") of **SIENTRA, INC.** (the "**Company**"), pursuant to the laws of the State of Delaware and the applicable governing documents of the Company, acting by written consent in lieu of a meeting, do hereby consent to the adoption of the following resolutions (the "**Resolutions**") and directs that this Action by Unanimous Written Consent be filed in the records of the Company.

WHEREAS, the Board has reviewed the historical performance of the Company, the market for the Company's products and services, and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed the materials presented by the management of and the advisors to the Company regarding the possible need to restructure the Company, and has analyzed each of the strategic alternatives available to it, and the impact of the foregoing on the Company's business and its stakeholders;

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Board, it is desirable and in the best interests of the Company and its respective stakeholders that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

RESOLVED, that each of the following is hereby authorized and approved in all respects with respect to each Company:  (1) filing, or causing to be filed, a chapter 11 case under the Bankruptcy Code in the Bankruptcy Court; and (2) filing, or causing to be filed, any other petition for relief or recognition or other motion or order that may be desirable under applicable law in the United States;

RESOLVED, that the officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED, that the Authorized Officers, on behalf of the Company, is authorized, empowered and directed to retain the law firms of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") and Kirkland & Ellis LLP ("**K&E**") as bankruptcy counsel  to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy,

and to cause to be filed an appropriate application for authority to retain the services of PSZ&J and K&E;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Berkely Research Group LLP ("**BRG**") as the Company's restructuring advisor, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of BRG;

RESOLVED, that the Authorized Officers, on behalf of the Company, is authorized, empowered and directed to retain the services of Stifel and Miller Buckfire (collectively, "**Stifel**") as the Company's investment banker, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Stifel;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Epiq Corporate Restructuring, LLC ("**Epiq**") as the Company's solicitation, claims, and noticing agent, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Epiq;

RESOLVED, that the Authorized Officers of the Company are authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED, that in the business judgment of the Board, the Company will benefit from using collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), that is security for the holders of Company obligations (such holders, the "**Secured Parties**") under the prepetition debt documents;

RESOLVED, that in the business judgment of the Board, the Company needs access to post-petition financing during the chapter 11 case;

RESOLVED, that the Authorized Officers of the Company are authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Authorized Officers of the Company are hereby

2

authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company that the Company sell substantially all of its assets and, therefore, the Company is hereby authorized to enter into an asset purchase agreement to effectuate such sale on such terms that management determines will maximize value, and the Company is further authorized to file a motion to approve such sale and for any related relief, or to approve a sale to a higher and better bidder, and to close such sale, subject to Bankruptcy Court approval in the Company's chapter 11 proceeding;

RESOLVED, that the Authorized Officers are authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Authorized Officers to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates), any one of whom may act without the joinder of any of the others, are hereby individually authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action including, but not limited to, (i) the seeking, preparation and negotiation of such additional agreements, amendments, supplements, modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the seeking, preparation and negotiation of such changes and additions to any agreements, amendments, supplements, other modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing, (iii) the execution, acknowledgement, delivery, performance and filing (if applicable) of any of the foregoing and (iv) the payment of all fees, consent payments, taxes, indemnities and other expenses, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Signatory deemed the same to be so necessary, convenient, appropriate, desirable or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing Resolutions hereby are approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company, respectively, as if specifically set out in these Resolutions;

RESOLVED, that the Board hereby adopts and incorporates by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing Resolutions, or to cover authority included in matters authorized in the foregoing Resolutions, including forms of resolutions in connection therewith that may be required by any state, other

DocuSign Envelope ID: ED7CEF8E-948D-4B1B-ADGD-D39829E19E26

jurisdiction or other institution, person or agency, and a copy of these Resolutions shall be filed with the records of the meetings of the Board and certified as duly adopted thereby;

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Board; and

RESOLVED, that (a) the foregoing Resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these Resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Board and the Company.

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of Sientra, Inc. have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**SIENTRA, INC.**

DIRECTORS

Caroline Van Hove

Ron Menezes

Alex Casdin

Philippe A. Schaison

Mary M. Fisher

Dr. Irene Erenburg

Nori Ebersole

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF SIENTRA, INC.]*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>Sientra, Inc., <em>et al.</em></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the District of _____ (State)</td></tr>
<tr><td colspan="2">Case number (If known): _____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)     12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. Simatrix, Inc. 8168 Solutions Center Chicago, IL 60677 | Contact:  Jean Nelson Email: Jean.Nelson@Lubrizol.com | Trade claim | | | | $1,373,498 |
| 2. Elutia Inc. PO Box 392191 Pittsburgh, PA 15251 | Contact: Shanti Gibson Email: billing@elutia.com | Trade claim | | | | $551,044 |
| 3. Nusil Technology LLC PO Box 31001-2527 Pasadena, CA 91110 | Contact: Debbie Richardson Email: Debbie.Richardson@avantorsciencesgcc.com | Trade claim | | | | $457,288 |
| 4. Salesforce-Com PO Box 203141 Dallas, TX 75320 | Contact: Nichole Gardner Email: billing@salesforce.com | Trade claim | | | | $361,945 |
| 5. GI Partners Ets Fund Reit Aggregator LP GI ETS Santa Clara 2805 LLC Four Embarcadero Center, Suite 3200 San Francisco, CA 94111 | Contact: Cathy Conner Email: cathy.conner@cbre.com | Landlord | | | | $359,254 |
| 6. KPMG LLP Dept. 0922 PO Box 120922 Dallas, TX 75312-0922 | Contact: Gerald Schemidt Email: gschemidt@kpmg.com | Professional services | | | | $333,835 |

| Debtor | SIENTRA, INC., ET AL. | Case number (if known) | | | |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7. Oracle America, Inc.<br>PO Box 884471<br>Los Angeles, CA | Contact: Accounts Receivable<br>Email:<br>collections_us@oracle.com | Trade claim | | | | $182,436 |
| 8. Formulated Solutions, LLC<br>11775 Starkey Road<br>Largo, FL 33773 | Contact: Peter Furman<br>Email:<br>pfurman@formulatedsolutions.com | Trade claim | | | | $182,311 |
| 9. FEDEX<br>PO Box 7221<br>Pasadena, CA 91109-7321 | Contact: Accounts Receivable<br>Email:<br>fedex@billtrust.com | Trade claim | | | | $133,278 |
| 10. Beghou Consulting, LLC<br>PO Box 0452<br>Evanston, IL 60204 | Contact: Ravi Singh<br>Email:<br>ravi.singh@beghouconsulting.com | Professional services | | | | $125,000 |
| 11. Veranex, Inc.<br>5420 Wade Park Blvd, Suite 204<br>Raleigh, NC 27607 | Contact: Sean Atwill<br>Email:<br>sean.atwell@veranex.com | Trade claim | | | | $123,708 |
| 12. Synteract, Inc.<br>5909 Sea Otter Place<br>Carlsbad, CA 92010 | Contact: Shahbaz Siddique<br>Email:<br>shahbaz.siddique@syneoshealth.com | Trade claim | | | | $102,355 |
| 13. Donnelley Financial Solutions<br>Donnelley Financial, LLC<br>P.O. Box 842282<br>Boston, MA 02284 | Contact: Anne Livingston<br>Email: accounts-receivable@dfinsolutions.com | Professional services | | | | $100,606 |
| 14. Secure Green, Inc.<br>304 S. Jones Blvd Ste 3924<br>Las Vegas, NV 89107 | Contact: Allen Pham<br>Email:<br>allen.pham@sientra.com | Trade claim | | | | $98,519 |
| 15. RSM US LLP<br>4650 E 53RD St<br>Davenport, IA 52807 | Contact: Victor Kao<br>Email:<br>Victor.Kao@rsmus.com | Trade claim | | | | $95,341 |
| 16. Insights First Strategic Marketing<br>1556 Meyerwood Circle<br>Highlands Ranch, CO 8012 | Contact: Tom Kessler<br>Email:<br>TomKessler@Insights1st.com | Trade claim | | | | $88,800 |
| 17. Clark Smith Villazor LLP<br>250 West 55th Street, 30th Floor<br>New York, NY 10019 | Contact: Patrick Smith<br>Email:<br>patrick.smith@csvllp.com | Professional services | | | | $75,948 |

Debtor   SIENTRA, INC., ET AL.
_____   Case number (if known)_____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18. Nxtthing RPO, LLC 20 N. Meridian Street, Ste. 300 Indianapolis, IN  46204 | Contact: Amina Mukati Email: Amina.Mukati@employinc.com | Trade claim | | | | $75,398 |
| 19. 183 Degrees Strategic Solutions LLC 1157 S Chanterella Dr San Ramon, CA 94582 | Contact: Raj Roychoudhury Email: raj@183degrees.com | Trade claim | | | | $ 74,689 |
| 20. The Exhibit Company, Inc. 239 Old New Brunswick Road Piscataway, NJ 08854 | Contact: Tamara Timmons Email: accounting@exhibitcompanyinc.com | Trade claim | | | | $68,622 |
| 21. Warehouse Anywhere LLC 8 Los Robles Street Buffalo, NY 14221 | Contact: Victoria Rajewski Email: vrajewski@warehouseanywhere.com | Trade claim | | | | $67,553 |
| 22. NASDAQ, INC The NASDAQ Stock Market, LLC Lockbox 20200, PO Box 780200 Philadelphia, PA 19178 | Contact: Sharon Asprer Email: Sharon.Asprer@nasdaq.com | Services | | | | $65,500 |
| 23. DLA Piper LLP (US) P.O. Box 780528 Philadelphia, PA 19178 | Contact: Erin Kruse Email: erin.kruse@us.dlapiper.com | Professional services | | | | $62,995 |
| 24. Mission Plasticos Foundation 8502 E. Chapman Ave. #447 Orange, CA 92869 | Contact: Susan Williamson Email: susan@missionplasticos.org | Trade claim | | | | $62,500 |
| 25. Fairview Business Associates, LLC 430 S Fairview Ave Goleta, CA 93117. | Contact: Letissia Bisquera Email: letissia.bisquera@yardi.com | Professional services | | | | $59,719 |
| 26. Health Trust Purchasing Group, LP 1100 Dr Martin Luther King Jr Blvd Nashville, TN 37203 | Contact: Kristen Orr Email: vendorbackup@healthrustpg.com | Trade claim | | | | $55,450 |
| 27. Shane Fadem | Contact: Shane Fadem Email: shane.fadem@sientra.com | Trade claim | | | | $48,391 |

Debtor   SIENTRA, INC., ET AL.                                         Case number (if known)_____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28. Medical Device Manufacturers Association 1333 H St NW, Ste 400 W Washington, DC 20005 | Contact: Sheri Devinney Email: sdevinney@medicaldevices.org | Trade claim | | | | $48,286 |
| 29. Realtime Media, LLC 1001 Conshohocken State Rd West Conshohocken, PA 19428 | Contact: Jackie Stern Email: jstern@rtm.com | Trade claim | | | | $46,864 |
| 30. Vesta, Inc. 8168 Solutions Center Chicago, IL 60677 | Contact: Jean Berg Email: Jean.Berg@lubrizol.com | Trade claim | | | | $42,704 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIENTRA, INC., | Case No. 24-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☒ None [*check if applicable*]

Name:
Address:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIENTRA, INC., | Case No. 24-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

## COMMON STOCK

| Equity Holder | Address of Equity Holder | Amount Held |
|---|---|---|
| Computershare (as Agent for Reverse Split) | 150 Royall Street<br>Canton, MA 02021 | 190 |
| Michael Strathmeyer | ADDRESS REDACTED | 94 |
| Rochelle Yoshida | ADDRESS REDACTED | 33 |
| Kris Craigo | ADDRESS REDACTED | 11 |
| Leia Cromwell | ADDRESS REDACTED | 96 |
| Leigh Anne Fernandes | ADDRESS REDACTED | 109 |
| Kelley Keane | ADDRESS REDACTED | 10 |
| Stephanie Farnum | ADDRESS REDACTED | 13 |
| Donald Hodgdon | ADDRESS REDACTED | 126 |
| Chris Mcgreevy | ADDRESS REDACTED | 744 |
| Hafiz Elmahi | ADDRESS REDACTED | 4 |
| William A Danoff | ADDRESS REDACTED | 17,827 |

| Equity Holder | Address of Equity Holder | Amount Held |
|---|---|---|
| Cede & Co | 570 Washington Blvd. Jersey City, NJ 07310 | 11,894,841 |
| Dingo & Co | c/o Computershare Inc 150 Royall Street Canton, MA 02021 | 177,653 |
| Roo & Co | c/o Computershare Inc 150 Royall Street Canton, MA 02021 | 202,887 |
| | **TOTAL** | **12,294,638** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| SIENTRA, INC., | Case No. 24-_____ (___) |
| Debtor. | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Sientra, Inc. (1000); Mist Holdings, Inc. (4221); Mist, Inc. (1202); and Mist International, Inc. (3363). The Debtors' service address is 3333 Michelson Drive, Suite 650, Irvine, CA.

**Fill in this information to identify the case:**

Debtor name     **Sientra, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   **List of Equity Holders; Corporate Ownership Statement; Verification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 12, 2024**     X **/s/ Ronald Menezes**
                                                    Signature of individual signing on behalf of debtor

                                                    **Ronald Menezes**
                                                    Printed name

                                                    **President and CEO**
                                                    Position or relationship to debtor