IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SIENTRA, INC., *et al.*,[1] | ) ) ) | Case No. 24-10245 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket Nos. 7, 60** |

**FINAL ORDER (I) AUTHORIZING, BUT NOT
DIRECTING, THE DEBTORS TO (A) PAY PREPETITION
EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION,
AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, commissions, other compensation, reimbursable employee expenses, and (ii) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Sientra, Inc. (1000); Mist Holdings, Inc. (4221); Mist, Inc. (1202); and Mist International, Inc. (3363). The Debtors' service address is 3333 Michelson Drive, Suite 650, Irvine, CA 92612.

[2] Capitalized terms used in this Final Order but not immediately defined have the meanings given to such terms in the Motion.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"), and the Court having entered an interim order on the Motion [Docket No. 60] (the "Interim Order") and notice of a final hearing having been provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, any statutory committee, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. Notwithstanding anything to the contrary herein, effective as of the Petition Date and subject to the Approved Budget (as defined in the order approving post-petition financing) and the consent and consultation rights related thereto, the Debtors are authorized, but not directed, to: (a) continue, modify, change, and discontinue the Employee Compensation and Benefits in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law, and (b) pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits in the ordinary course of business; *provided* that the Debtors will use good faith efforts to consult with the official committee of unsecured

creditors (the "Committee") regarding any material modifications to any of the programs, policies, or practices related to any of the Employee Compensation and Benefits programs, not less than two business days prior to any such modification.

1. The Debtors' payment of prepetition Employee Compensation and Benefits shall not exceed, on a final basis, in the aggregate, $1,028,500 absent further order of the Court; *provided* that such amount shall be inclusive of any amounts spent pursuant to the Interim Order. The Debtors shall not pay any prepetition Employee Compensation and Benefits that exceed the priority amounts set forth in Bankruptcy Code sections 507(a)(4) or 507(a)(5) absent further order of the Court.

2. The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to their Employees or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without consulting with the DIP Secured Parties and Committee and without further order of this Court. For the avoidance of doubt, no bonus, incentive, or severance payments shall be made to any Insider or former Insider without consultation of the DIP Secured Parties and Committee and without further order of this Court. Nothing in the Motion, the Interim Order, or this Final Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Final Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

3. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and, subject to the Approved Budget, the Debtors are authorized but not directed, to continue the Workers' Compensation Program in the ordinary course. This

modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

4. Subject to the Approved Budget, the Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

5. Subject to the Approved Budget, the Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

6. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code; provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

7. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission by the Debtors, the Committee, or any other party in interest as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding by the Debtors, the Committee, or any other party in interest that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request for authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or

limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors, the Committee, or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors, the Committee, and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Final Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors', the Committee's, or any other party-in-interest's rights to subsequently dispute such claim.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits Programs.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: March 11th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**