# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SIENTRA, INC., *et al.*,[1] | ) | Case No. 24-10245 (JTD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 8 and 52** |

### FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND (B) OTHERWISE CONTINUE CERTAIN CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an interim order and this final order (the "Final Order") (i) authorizing, but not directing, the Debtors, in their discretion, to (a) honor certain prepetition obligations to Customers and (b) otherwise continue Customer Programs in the ordinary course of business consistent with past practices and in the Debtors' sound business judgment; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; upon the Debtors' representation that any form of payment to Customers is consistent with the Debtors' debtor in possession financing budget; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Sientra, Inc. (1000); Mist Holdings, Inc. (4221); Mist, Inc. (1202); and Mist International, Inc. (3363). The Debtors' service address is 3333 Michelson Drive, Suite 650, Irvine, CA.
[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

SF 4861-1360-1955.10 79023.00001

circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"), and the Court having entered an interim order on the Motion [Docket No. 52]; and notice of a final hearing having been provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, any statutory committee, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a **final** basis as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. Effective as of the Petition Date and subject to the Approved Budget and the consent and consultation rights related thereto, the Debtors are authorized, but not directed to continue, renew, replace, modify, implement, revise, or terminate the Customer Programs in the ordinary course of business and without further order of this Court, and to perform and honor all prepetition obligations thereunder in the ordinary course of business and in the same manner and on the same basis as if the Debtors performed and honored such obligations prior to the Petition Date.

3. Effective as of the Petition Date and subject to the Approved Budget and the consent and consultation rights related thereto, the Debtors shall continue to administer and honor Customer refunds in the ordinary course of business, consistent with past practices, including

honoring and paying, subject to the consent of the required lenders under the DIP Facility and counsel to the Official Committee of Unsecured Creditors (the "Committee"), refunds for Customer Credits up to the maximum aggregate amount of $1,500.000 on a final basis; *provided* that such amount shall be inclusive of any amounts paid pursuant to the Interim Order; *provided*, *further*, that such refunds shall be paid from proceeds of the DIP Facility.

        4.        Nothing in this Final Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption by any Debtor of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates, the Committee, or any other party in interest to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates, the Committee, or any other party in interest with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors, in consultation with counsel to the DIP Secured Parties and the Committee; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Final Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors', the Committee's, or any other party in interest's rights to subsequently dispute such claim.

5.      Nothing in the Motion or this Final Order, nor as a result of any payment, setoff, deduction or issuance of credit, made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of the Debtors, the Committee, or any other party in interest, or shall impair the ability of the Debtors, the Committee, or any other party in interest to contest the validity and amount of any payment, setoff, deduction or issuance of credit, made pursuant to this Final Order.

6.      Nothing contained in this Final Order shall be construed to accelerate payments that are not otherwise due and payable.

7.      Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

8.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

9.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: March 11th, 2024
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE