IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SIENTRA, INC., *et al.*,[1] | ) Case No. 24-10245 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 10 and 54** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) MAINTAIN INSURANCE AND SURETY COVERAGE ENTERED INTO PREPETITION AND PAY PREPETITION OBLIGATIONS, AND (B) RENEW, AMEND, SUPPLEMENT, EXTEND, PURCHASE, OR FINANCE INSURANCE AND SURETY COVERAGE; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of a final order (this "Final Order"): (a) authorizing the Debtors to (i) maintain coverage under the Insurance Policies and the Surety Bonds and pay related obligations, and (ii) renew, supplement, modify, purchase, or finance insurance and surety coverage, and engage in any related transactions, in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Sientra, Inc. (1000); Mist Holdings, Inc. (4221); Mist, Inc. (1202); and Mist International, Inc. (3363). The Debtors' service address is 3333 Michelson Drive, Suite 650, Irvine, CA 92612.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"), and the Court having entered an interim order on the Motion [Docket No. 54]; and notice of a final hearing having been provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, any statutory committee, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. Effective as of the Petition Date and subject to the Approved Budget (as defined in the order approving postpetition financing) and the consent and consultation rights related thereto, the Debtors are hereby authorized, but not directed, to pay, in the ordinary course of their business, all premiums, premium finance payments, claims, deductibles, retrospective adjustments, administrative and broker's fees, and all other obligations related to the Insurance Policies and Surety Bonds on account of such prepetition obligations without further order of the Court, and the Debtors are authorized to pay and honor any postpetition Insurance Obligations in connection with the Insurance Policies and any postpetition Surety Obligations as such obligations come due in the ordinary course of business.

3. Effective as of the Petition Date and subject to the Approved Budget and the consent and consultation rights related thereto, the Debtors are hereby authorized, but not directed, to: (a) maintain their Insurance Policies and Surety Bonds without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date and in the ordinary course of their business, in their business judgment; and (b) maintain any Surety Bonds in accordance with practices and procedures that were in effect before the commencement of these chapter 11 cases, including but not limited to paying all prepetition and postpetition amounts due in connection with Surety Bonds, renewing or securing new surety bonds, posting collateral, honoring indemnity agreements, or canceling any outstanding Surety Bonds.

4. The Debtors are authorized, but not directed, in consultation with the DIP Secured Parties and counsel to the Official Committee of Unsecured Creditors (the "Committee"), to renew, amend, supplement, extend, or purchase insurance policies, and to enter into, renew, amend, supplement, or extend premium financing agreements as necessary, to the extent that the Debtors determine that such action is in the best interest of their estates; *provided*, that the Debtors shall provide notice of any renewal, amendment, supplement, or extension of an insurance policy or financing agreement to counsel to the DIP Secured Parties and Committee within seven (7) days prior to the effective date of such renewal, amendment, supplement, or extension.

5. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed to be: (a) an admission by the Debtors, the Committee, or any other party in interest as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors', the Committee's, or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement by

the Debtors or the Committee to pay a prepetition claim; (d) an implication or admission by the Debtors, the Committee, or any other party in interest that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request for authorization by any Debtor to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors', the Committee's, or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. Each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Insurance Obligations and Surety Obligations are authorized to: (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts; and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this Final Order or any other order of the Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7. Nothing contained in this Final Order shall be construed to accelerate payments that are not otherwise due and payable.

8. Subject to the Approved Budget, the Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligations and Surety Obligations, and to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of these chapter 11 cases.

4864-3348-5219.11 79023.00001

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rules 6004(h), 7062, and 9014, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: March 11th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**