# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIENTRA, INC., *et al.*,[1] | Case No. 24-10245(JTD) |
| Debtors. | (Jointly Administered) |
| | **Re. Docket Nos. 20, 123** |

### DECLARATION OF DANIEL PATRICK HENN IN SUPPORT OF MOTION FOR AN ORDER (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES

I, Daniel Patrick Henn, hereby declare as follows:

1. I am the founder and Managing Partner of MD Holdco LLC (dba MD Holdings), and board member of Nuance Intermediary, LLC ("Nuance"). In respect of the Sale Transaction, as that term is defined in that certain *Asset Purchase Agreement between the Debtors, as Sellers, and Nuance, as Buyer, dated as of April 5, 2024*[2], [Docket No. 242] (the "APA"), I make this Declaration based on my personal knowledge and my review of the business records and files of Nuance and my review of the relevant documents and information supplied to me, including, without limitation, the Sale Motion and Bid Procedures Order (as defined below), and I am competent to testify to the same.

2. I led the negotiation of the Sale Transaction contemplated in the APA, and I participated in the drafting of the APA between the Debtors and Nuance. I am familiar with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Sientra, Inc. (1000); Mist Holdings, Inc. (4221); Mist, Inc. (1202); and Mist International, Inc. (3363). The Debtors' service address is 3333 Michelson Drive, Suite 650, Irvine, CA 92612.

[2] Initially capitalized, but otherwise undefined terms used herein shall have the meaning set forth in the APA.

facts and circumstances surrounding the sale process and the Sale Transaction and can make the assertions and declarations set forth herein from personal knowledge.

3. I am duly authorized to make this Declaration on behalf of Nuance in support of the *Motion for (I) An Order (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Approving Certain Bid Protections In Connection With the Debtors' Entry Into Any Potential Stalking Horse Agreement; (D) Scheduling the Auction and Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Granting Related Relief; and (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket. No. 20] ("Sale Motion"), and the request therein that Nuance be found and determined to be a good faith purchaser entitled to the protection of Title 11 of the United States Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"), including, without limitation, under Bankruptcy Code sections 363(m) and (n), in connection with Nuances's purchase of certain assists consisting of the Biocorneum Business and related Property (collectively, the "Sale Assets") free and clear of Interests.

4. Nuance negotiated, drafted, and entered into the APA without collusion or any undisclosed agreements or benefits, in good faith, and on an arm's length basis.

5. Nuance was represented by separate and independent legal counsel from the law firm of Ferguson Braswell Fraser Kubasta PC in connection with the negotiation and drafting of the APA.

6. Nuance complied in all respects with the requirements of the Bid Procedures Order and agreed to subject its bid to the competitive bid process set forth in the Bid Procedures Order.

7. Nuance did not, at any point in the sale process, communicate with any other bidder or potential bidder with respect to Nuance's proposed acquisition of the Sale Assets.

8. Nuance is duly authorized and has: (i) full entity and organizational power and authority to execute the APA and all related documents contemplated thereby; (ii) all entity and organizational authority necessary to consummate the Sale Transaction contemplated by the APA; and (iii) taken all entity and organizational action necessary to authorize and approve the APA and the consummation of the Sale Transaction contemplated thereby.

9. No consents or approvals, other than those expressly provided for in the APA, are required for Nuance to close the Sale Transaction.

10. Neither Nuance or any entity related to it or to MD Holdings is an "insider" or "affiliate" of the Debtors as I understand the definitions of those terms in the Bankruptcy Code, and no common identity of incorporators, directors or equity interest holders/shareholders exists between Nuance, or any entity related to it or to MD Holdings, and the Debtors.

11. Nuance is purchasing the Sale Property in good faith, at arms' length, and is a good faith buyer within the meaning of Bankruptcy Code section 363(m) and has proceeded in good faith in connection with all aspects of the Sale Transaction.

12. Nuance has provided adequate assurance of future performance under all executory contracts being assigned to it pursuant to the APA, as well as adequate assurance that it can and will promptly cure any existing defaults under such executory contracts being assigned to it under the APA in accordance with section 365(b)(1) of the Bankruptcy Code.

13. Nuance has not engaged in any collusive or improper conduct, including without limitation, any inter-bidder agreements on price or related material sale terms, other bid-rigging or efforts to manipulate the sale process, under/as contemplated by the Bid Procedures and the Bid

Procedures Order, at the Auction or otherwise, and in respect of the APA, and there are no agreements among potential bidders within the meaning of Bankruptcy Code section 363(n).

14. Following the commencement of the Debtors' chapter 11 cases, Nuance has consistently been informed and recognized that the Debtors have been free to deal with any other party interested in purchasing the Sale Assets and has at all times acted in accordance with this understanding.

15. Nuance has the financial wherewithal to close the Sale Transaction and to cure and perform under the executory contracts being assigned to it pursuant to the APA.

16. Nuance did not cause or in any way induce the Debtors' chapter 11 filing.

17. I understand that the Debtors have disclosed all payments or other benefits to be made by Nuance in connection with the Sale Transaction. There are no undisclosed agreements between Nuance, the Debtors, and any Debtor officers, executives, managers or employees thereof for employment or otherwise.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of April, 2024

_____
Daniel Patrick Henn, Managing Partner of MD Holdings