**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SIENTRA, INC., *et al.*,[1] | ) Case No. 24-10245 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) GRANTING CONDITIONAL APPROVAL OF THE ADEQUACY OF THE**
**DISCLOSURES IN THE COMBINED DISCLOSURE STATEMENT AND PLAN;**
**(II) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL AND**
**PLAN CONFIRMATION HEARING AND SETTING DATES AND DEADLINES**
**RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND**
**PROCEDURES; (IV) APPROVING THE FORMS OF BALLOTS AND NOTICES**
**IN CONNECTION THEREWITH; AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this

motion (the "Motion") for the entry of an order substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"): (a) granting interim conditional approval of the adequacy of

the disclosures (the "Disclosures") contained in the *Combined Disclosure Statement and Joint*

*Plan of Sientra, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code*

[Docket No. 300] (including all exhibits thereto and as amended, supplemented, or otherwise

modified from time to time, the "Combined Disclosure Statement and Plan" or, separately in

relevant part, the "Disclosure Statement" or the "Plan"),[2] (b) scheduling a combined Disclosure

Statement approval and Plan confirmation hearing (the "Combined Hearing") seeking approval of

the adequacy of the Disclosures and confirmation of the Plan on a final basis; (c) approving the

solicitation procedures set forth herein; (d) approving the forms of ballots for the voting classes

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Sientra, Inc. (1000); Mist Holdings, Inc. (4221); Mist, Inc. (1202); and Mist International, Inc. (3363). The Debtors' service address is 3333 Michelson Drive, Suite 650, Irvine, CA 92612.

[2]  Capitalized terms used but not immediately or otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

and the forms of notices to non-voting classes; and (e) granting related relief as set forth in the Proposed Order.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 3017-1, 3017-2, and 9006-1.

## BACKGROUND

### A.      Chapter 11 Cases

4.      Headquartered in Irvine, California, Sientra, Inc. ("Sientra") is a surgical aesthetics company focused on empowering people to change their lives through increased self-confidence and self-respect.  Backed by unrivaled clinical and safety data, Sientra's platform of products includes a comprehensive portfolio of round and shaped breast implants, the first fifth-generation breast implants approved by the FDA for sale in the United States, the ground-breaking AlloX2®

breast tissue expander with patented dual-port and integral drain technology, the next-generation AlloX2Pro,™ the first and only FDA-cleared MRI-compatible tissue expander, the Viality™ with AuraClens™ enhanced viability fat transfer system, the SimpliDerm® Human Acellular Dermal Matrix, and BIOCORNEUM, the #1 performing, preferred, and recommended scar gel of plastic surgeons.

5.    On February 12, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6.    Additional information regarding the Debtors' history and business operations, capital structure, and the events leading up to the commencement of the chapter 11 cases can be found in the *Declaration of Ron Menezes in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 3].

**B.    The Combined Disclosure Statement and Plan**

7.    During these chapter 11 cases, the Debtors will sell, liquidate, or otherwise dispose of their remaining assets, and pursuant to the proposed Plan, the Debtors will complete the orderly wind-down of their businesses, address pending claims, if any, including litigation claims, and make distributions to Creditors as efficiently as possible through the Plan.   The Debtors have already liquidated substantially all of their respective assets in connection with the Sale Orders, which effectuated a sale of substantially all of the Debtors' assets to Tiger Aesthetics Medical, LLC and its affiliates and Nuance Intermediary, LLC and its affiliates.

8.    The Plan is a joint chapter 11 plan providing for a Plan Administrator to liquidate or otherwise dispose of the remaining assets of the Debtors and Estates in accordance with the Plan (to the extent such assets were not previously monetized to Cash or otherwise transferred by the Debtors prior to the Effective Date), with the agreement of the Prepetition First Lien Lenders to fund the Plan in part through use of cash collateral and other concessions and consideration.

3

The Plan Administrator shall attempt to liquidate, diligently and for the highest value reasonably possible, the remaining Distributable Assets.  The Debtors or the Plan Administrator may liquidate or abandon the Distributable Assets, including Causes of Action, based on the Debtors' or the Plan Administrator's business judgment, without the need for further order of the Bankruptcy Court.  The Debtors or the Plan Administrator will distribute all net proceeds to creditors, including payment on behalf of all Allowed DIP Facility Claims, Prepetition First Lien Secured Claims, Administrative Expense Claims, Priority Tax Claims, Other Priority Claims (Class 1), and Other Secured Claims (Class 2) (subject to the Debtors' election of alternative treatments under the Plan and solely to extent of the value of the collateral which secured such Claims), generally in accordance with the priority scheme under the Bankruptcy Code, subject to the terms of the Plan (including the Prepetition First Lien Lenders' agreement to use their collateral as provided for in the Plan).  There will be no distributions to Holders of Intercompany Claims (Class 5), Holders of Intercompany Interests (Class 6), Interests in Sientra (Class 7), and Section 501(b) Claims (Class 8).  Specifically, at the option of the Debtors, with the consent of the DIP Lenders and the Prepetition First Lien Secured Parties, Intercompany Claims (Class 5) and Intercompany Interests (Class 6) shall either be (a) reinstated, adjusted, otherwise set off, settled, distributed, or contributed, or (b) canceled, released, or discharged without any distribution on account of such Claims or Interests.  Claims and Interests are classified as follows:

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Other Priority Claims | Unimpaired | Presumed to Accept |
| Class 2 – Other Secured Claims | Unimpaired | Presumed to Accept |
| Class 3 – Prepetition First Lien Secured Claims | Impaired | Entitled to Vote |
| Class 4 – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 5 – Intercompany Claims[3] | Unimpaired / Impaired | Presumed to Accept / Deemed to Reject |
| Class 6 – Intercompany Interests[4] | Unimpaired / Impaired | Presumed to Accept / Deemed to Reject |
| Class 7 –Interests in Sientra | Impaired | Deemed to Reject |
| Class 8 – Section 510(b) Claims | Impaired | Deemed to Reject |

9.      As shown above, the Combined Disclosure Statement and Plan presently provides for eight different Classes of Claims and Interests.  Under the Combined Disclosure Statement and Plan, Claims in Classes 3 and 4 (each, a "Voting Class" and, collectively, the "Voting Classes") are Impaired by the Combined Disclosure Statement and Plan, and as such, Holders of Claims in the Voting Classes are entitled to vote to reject or accept the Plan.  Claims in Classes 1, 2, 5,[5] and 6[6] (collectively, the "Unimpaired Classes") are Unimpaired by the Combined Disclosure Statement and Plan, and such holders are presumed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code and are therefore not entitled to vote on the Plan.  Holders of Claims in Class 5[7] and Class 8 and Interests in Class 6[8] and Class 7 (the "Deemed Rejecting Classes") are

---

[3]  Class 5 is either an Unimpaired Class, and the Holders of Class 5 Claims are presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, or an Impaired Class and the Holders of Class 5 Claims are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

[4]  Class 6 is either an Unimpaired Class, and the Holders of Class 6 Interests are presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, or an Impaired Class and the Holders of Class 6 Interests are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

[5]  If Class 5 Intercompany Claims are reinstated at the option of the Debtors, with the consent of the DIP Lenders and the Prepetition First Lien Secured Parties.

[6]  If Class 6 Intercompany Interests are reinstated at the option of the Debtors, with the consent of the DIP Lenders and the Prepetition First Lien Secured Parties.

[7]  If Class 5 Intercompany Claims are canceled, released, or discharged without any distribution at the option of the Debtors, with the consent of the DIP Lenders and the Prepetition First Lien Secured Parties.

[8]  If Class 6 Intercompany Interests are canceled, released, or discharged without any distribution at the option of the Debtors, with the consent of the DIP Lenders and the Prepetition First Lien Secured Parties.

Impaired, will not receive or retain any property under the Combined Disclosure Statement and Plan, and such Holders are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and are therefore not entitled to vote on the Plan.

10.     In addition, pursuant to section 1123(a)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan designates two categories of Claims that are entitled to receive Distributions under the Combined Disclosure Statement and Plan but are not classified for purposes of voting to accept or reject the Plan.  These categories of Claims are Administrative Expense Claims and Priority Tax Claims.

11.     The Disclosures provide adequate information with respect to the Plan and ensure that Holders of Claims entitled to vote on the Plan will receive information of a kind and in sufficient detail to make an informed judgment regarding acceptance or rejection of the Plan.  The proposed schedule and procedures to confirm and consummate the Plan will move these chapter 11 cases forward in a timely manner while ensuring due process and providing for the procedural safeguards mandated under the Bankruptcy code and the Bankruptcy Rules.  Accordingly, the Debtors submit that the relief requested in this Motion should be approved.

### RELIEF REQUESTED

12.     By this Motion, the Debtors request (i) interim conditional approval of the adequacy of the Disclosures pursuant to section 1125 of the Bankruptcy Code solely to permit the Debtors to solicit the Combined Disclosure Statement and Plan; (ii) scheduling the Combined Hearing and fixing other dates and deadlines related to solicitation and confirmation of the Combined Disclosure Statement and Plan, as set forth in the proposed confirmation schedule below; (iii) approving certain solicitation, notice, and tabulation procedures with respect to confirmation of the Combined Disclosure Statement and Plan; (iv) approving the form of the ballots and notices in connection therewith; and (v) granting other related relief.

13.    A summary of the key dates the Debtors seek to establish (the "<u>Confirmation</u> <u>Timeline</u>"), subject to the Court's availability, are as follows:

| PROPOSED TIMETABLE | |
| --- | --- |
| **Event** | **Date** |
| Voting Record Date | April 30, 2024 |
| Interim Hearing on Conditional Approval of the Disclosures | May 6, 2024 |
| Deadline to Mail Solicitation Packages / Solicitation Commencement Date | May 8, 2024 |
| Publication Deadline | Five (5) business days following entry of the Proposed Order (or as soon as reasonably practicable thereafter) |
| Deadline for Creditors to File Rule 3018 Motions | May 20, 2024 at 5:00 p.m. (ET) |
| Deadline for Debtors to Respond to Rule 3018 Motions | May 27, 2024 |
| Deadline to File Initial Plan Supplement | May 29, 2024 |
| Voting Deadline | June 5, 2024 at 5:00 p.m. (ET) |
| Deadline to file and serve Objections to Combined Disclosure Statement and Plan Confirmation and/or final approval of the adequacy of the Disclosures | June 5, 2024 at 5:00 p.m. (ET) |
| Deadline to file: (1) Voting Tabulation Affidavit; (2) Confirmation Brief; (3) reply to any objection to Confirmation of the Plan or final approval of the adequacy of the Disclosures; or (4) reply to any objection to Rule 3018 Motion. | June 10, 2024 at 12:00 p.m. (ET) |
| Combined Hearing | June 12, 2024 |

### BASIS FOR RELIEF REQUESTED

**A.    Combined Hearing**

14.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[9]

15.    Local Rule 3017-2(a) applies "to all cases arising under chapter 11 of the [Bankruptcy] Code where a plan proponent is seeking Court permission to have combined hearings on approval of a disclosure statement and confirmation of a plan . . . ." Local Rule 3017-2(b) recognizes that a plan proponent may combine a disclosure statement with a plan and that a combined plan proponent may file a motion seeking "interim approval of the disclosure statement," "approval of solicitation procedures," and "scheduling a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan."

16.    Additionally, section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortg. Cap. Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).

17.    In addition, the Bankruptcy Rules support approval of the Combined Hearing as a matter of efficiency. *See, e.g.*, Fed. R. Bankr. P. 1001 (providing that the Bankruptcy Rules should be employed "to secure the just, speedy, and inexpensive determination of every case and proceeding."). And approving the Combined Hearing will (a) conserve judicial and estate resources by minimizing the costs associated with preparing for and attending multiple hearings,

---

[9]  Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

(b) enable the Plan to be confirmed as expeditiously as possible, (c) provide better recoveries to Holders of Claims and Interests than would otherwise be available after multiple hearings, and (d) not be unjust under these facts and circumstances.

18.     Pursuant to this authority, courts in this district have routinely combined hearings on approval of the adequacy of disclosure statements and confirmation of plans in chapter 11 cases. *See e.g.*, *In re Am. Physician Partners, LLC*, Case No. 23-11469 (BLS) (Bankr. D. Del. Nov. 1, 2023); *In re JAB Energy Sols. II, LLC,* Case No. 21-11226 (CTG) (Bankr. D. Del. Sept. 13, 2022); *In re Wardman Hotel Owner, L.L.C.*, Case No. 21-10023 (JTD) (Bankr. D. Del. Sept. 1, 2022); *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Aug. 10, 2021); *In re Phoenix Brands, LLC*, Case No. 16-1124 (BLS) (Bankr. D. Del. Nov. 21, 2016); *In re JMO Wind Down, Inc.*, Case No. 16-10682 (BLS) (Bankr. D. Del. Sept. 1, 2016); *In re SDI Sols. LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. May 24, 2016*); In re Nuo Therapeutics, Inc*., Case No. 16-10192 (MFW) (Bankr. D. Del. Mar 29, 2016).

19.     Consistent with the foregoing authority, the Debtors respectfully request that the Court consolidate its approval of the Disclosures and confirmation of the Plan at the single Combined Hearing and enter an order scheduling the Combined Hearing for **June 12, 2024** (or as soon as possible thereafter).  A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtors' creditors by hastening the implementation of the Combined Disclosure Statement and Plan.  Accordingly, the Combined Hearing will spare the Debtors the additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

**B.      Request for Interim Conditional Approval of the Disclosures**

20.     As noted above, the Debtors intend to seek final approval of the Disclosures at the Combined Hearing.  By this Motion, the Debtors submit that the Disclosures contain adequate information.  Accordingly, the Debtors request that the Court (a) approve the adequacy of the Disclosures on an interim conditional basis to permit the Debtors to use the Combined Disclosure Statement and Plan in the solicitation process as described herein and (b) at the Combined Hearing,

approve the Disclosures on a final basis as part of the order confirming the Combined Disclosure

Statement and Plan.

21.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed

chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired

claims and interests entitled to vote on the plan.  Specifically, section 1125(a)(1) of the Bankruptcy

Code states, in relevant part:

> "Adequate information" means information of a kind, and in sufficient
> detail, as far as is reasonably practicable in light of the nature and history of
> the Debtors and the condition of the Debtor's books and records, including
> a discussion of the potential material Federal tax consequences of the plan
> to the Debtors, any successor to the Debtors, and a hypothetical investor
> typical of the holders of claims or interests in the case, that would enable
> such a hypothetical investor of the relevant class to make an informed
> judgment about the plan. . . . [I]n determining whether a disclosure
> statement provides adequate information, the court shall consider the
> complexity of the case, the benefit of additional information to creditors and
> other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

22.     Courts generally agree that the primary purpose of a disclosure statement is to

provide all material information that creditors and interest holders affected by a proposed plan

need to make an informed decision regarding whether or not to vote for the plan.  *See, e.g., Century

Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to

guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier

Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to

give the creditors the information they need to decide whether to accept the plan."); *In re Phoenix

Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure

statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest

holders to make an informed judgment about the proposed plan and determine whether to vote in

favor of or against that plan."); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The

primary purpose of a disclosure statement is to provide all material information which creditors

and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan."). Congress intended that informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

23.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

24.     Numerous courts acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

25.     Here, the Disclosures contain ample information to allow Holders of Claims in the Voting Classes to make well-informed judgments on the Combined Disclosure Statement and Plan. Specifically, the Disclosures contain detailed information with respect to, among other things: (a) the Debtors' business operations and prepetition capital structure; (b) the relevant

events and circumstances preceding the chapter 11 cases; (c) the major events during the administration of the chapter 11 cases; (d) the key terms of the Combined Disclosure Statement and Plan; (e) estimates of the anticipated distributions to be received by Holders of Allowed Claims; (f) the feasibility of the Combined Disclosure Statement and Plan; (g) a comparison to hypothetical liquidation under chapter 7 of the Bankruptcy Code; (h) risk factors that may affect the Plan; (i) the existence of federal tax consequences of the Combined Disclosure Statement and Plan for which creditors should seek independent counsel; and (j) a recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan. *See In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors that courts may consider in determining the adequacy of information provided in a disclosure statement); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Notably, however, disclosure regarding all conceivable topics is not necessary in every case.  *In re U.S. Brass*, 194 B.R. at 425; *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

26.     Thus, the Debtors respectfully submit, and will demonstrate at the Combined Hearing, that the Disclosures contain "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  Accordingly, the Debtors request that the Court (a) conditionally approve the Disclosures as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code, for solicitation purposes only, and (b) determine (on a final basis) at the Combined Hearing that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  As part of the brief in support of confirmation of the Plan, the Debtors will provide the necessary support for the Court to determine the adequacy of the Disclosure Statement and that the Debtors have met the requirements of section 1125 of the Bankruptcy Code.

27.     The procedures described herein (the "Solicitation Procedures") provide for solicitation of the Combined Disclosure Statement and Plan in accordance with Local Rule 3017-2 and ensure that creditors and parties in interest will have sufficient time to review the Combined

Disclosure Statement and Plan and file objections thereto in advance of the Combined Hearing. The Debtors will consider all requests to make reasonable changes to the Combined Disclosure Statement and Plan in advance of the hearing on this Motion.

28.     Additionally, the Disclosures provide sufficient notice of release, exculpation, and injunction provisions in the Plan.  Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).  Bankruptcy Rule 2002(c) similarly requires that such disclosure be provided for the notice of the time fixed for filing objections and the hearing to consider confirmation of the chapter 11 plan. Fed. R. Bankr. P. 2002(c).

29.     Article IV.F of the Combined Disclosure Statement and Plan describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing, including bolded language related to the Debtor Release, Third-Party Release, Exculpation, and Injunction.  Further, the Combined Hearing Notice states in clear and bolded text that the Plan contains release, exculpation, and injunction provisions, including the Third-Party Release. Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined by the Plan, and the Combined Hearing Notice complies with Bankruptcy Rule 2002(c) by conspicuously describing the nature and entities subject to the injunction under the Plan.

**C.      Scheduling the Combined Hearing and Setting Objection Deadline**

30.     Pursuant to sections 1128(a) and 105(d)(2)(B)(vi) of the Bankruptcy Code, the Debtors request that the Court set a hearing to consider confirmation of the Combined Disclosure Statement and Plan.  Pursuant to Local Rule 3017-2, the Debtors request a single combined hearing (*i.e.*, the Combined Hearing), to seek the Court's final approval of the Disclosures and

confirmation of the Combined Disclosure Statement and Plan. *See* 11 U.S.C. § 1128(a) (providing that, after notice, the Court shall hold a hearing on confirmation); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of a disclosure statement with the confirmation hearing).

31.    The Debtors respectfully request that the Court (a) set the Combined Hearing for June 12, 2024 and (b) set June 5, 2024 at 5:00 p.m. (ET) as the deadline by which any objections to final approval of the Disclosures and confirmation of the Plan must be filed (the "Objection Deadline").

32.    The Debtors request that the Court require that any objection to confirmation of the Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection, and the specific grounds of the objection. Plan Objections must be filed with the Bankruptcy Court and served upon: (i) counsel to the Debtors, (a) Kirkland & Ellis LLP and Kirkland & Ellis International LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com) and Elizabeth H. Jones, Esq. (elizabeth.jones@kirkland.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), David M. Bertenthal (dbertenthal@pszjlaw.com) and Timothy P. Cairns, Esq. (tcairns@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: John H. Schanne, II, Esq. (john.schanne@usdoj.gov); and (iii) counsel to the Official Committee of Unsecured Creditors, (a) White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606-4302, Attn: Gregory Pesce (gpesce@whitecase.com) and Andrew F. O'Neill (aoneill@whitecase.com), (b) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020-1095, Attn: Andrea Amulic (andrea.amulic@whitecase.com) and Andrea Kropp (andrea.kropp@whitecase.com), and (c) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410,

Wilmington, Delaware 19801, Attn: Patrick J. Reilley (preilley@coleschotz.com) and Justin R. Alberto (jalberto@coleschotz.com).

33.     The Debtors believe that the proposed timing for filing and service of Plan Objections and proposed modifications, if any, will afford the Court, the Debtors, and other parties in interest sufficient time to consider objections and proposed modifications, if any, prior to the Combined Hearing.

**D.**     **Approval of Form and Manner of Notice of Combined Hearing**

34.     The Debtors request approval of the notice of the Combined Hearing substantially in the form of **Exhibit B** annexed hereto (the "Combined Hearing Notice").

35.     The Debtors propose to set **April 30, 2024** as the record date for purposes of determining which Holders of Claims and Interests are potentially entitled to vote to accept or reject the Plan for purposes of serving the Combined Hearing Notice.  Pursuant to Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice contains:  (i) the Court's conditional approval of the adequacy of Disclosures; (ii) the deadline for voting on the Combined Disclosure Statement and Plan; (iii) the date of the Combined Hearing; (iv) the deadline and procedures for filing Plan Objections; and (iv) directions on how to obtain copies of those documents upon request by any parties in interest.  As required by Local Rule 3017-2 (b)(iv), the Debtors certify that notice of the deadline to object to final approval of the Disclosures and confirmation of the Plan will comply with the Bankruptcy Rule 2002(b), and that the date of the Combined Hearing shall not be less than seven (7) days after such objection deadline (unless otherwise ordered by the Court).

36.     The Combined Hearing Notice will be served upon: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the Debtors' known creditors on their creditor matrix, including, among others, all taxing authorities, banks, UCC-1 lien holders, other secured creditors, litigants, and counterparties to contracts; (c) the Internal Revenue Service; (d) the Holders of Interests other than any Debtors; and (e) any party requesting special notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

37.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  Therefore, in addition to the foregoing distribution of the Combined Hearing Notice, to the extent the Debtors, in their sole discretion, elect to publish the Publication Notice, the Debtors shall publish the Combined Hearing Notice in *USA Today* (National Edition) within five (5) business days following the entry of the Proposed Order, or as soon as practicable thereafter. The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Proposed Order, the Voting Deadline, the Objection Deadline, and the Combined Hearing to parties who did not otherwise receive notice thereof by mail.  Additionally, service of the Combined Hearing Notice and publication of the Publication Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

## SOLICITATION AND VOTING PROCEDURES

38.     As described above, the Debtors intend to distribute the Combined Disclosure Statement and Plan and solicit votes thereon prior to the Combined Hearing.  Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and Interests for the purpose of soliciting their votes to accept or reject a chapter 11 plan.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter such orders as the court deems appropriate."  Additionally, Bankruptcy Rule 3017(c) provides that, before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan.  As set forth herein, the solicitation and voting procedures (the "Solicitation and Voting Procedures") are in compliance with the Bankruptcy Rules, the Local Rules and the Bankruptcy Code.

E.    **Solicitation Packages**

39.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Bankruptcy Rule 3017(d) also specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement. In accordance therewith, the Debtors propose that the appointed claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq" or the "Voting Agent") transmit or cause to be transmitted by first class mail to Holders of Claims in the Voting Classes solicitation packages with the information they need to be able to make informed decisions with respect to how to vote on the Plan. Specifically, the solicitation packages will contain: (a) the Combined Hearing Notice; (b) the Combined Disclosure Statement and Plan (either by paper copy or in electronic format (*e.g.*, "PDF" format on a thumb drive, at the Debtors' and Voting Agent's discretion); (c) a ballot, substantially in one of the forms annexed hereto as **Exhibit C** (the "Ballots"), as applicable; (d) a pre-addressed, return envelope; and (e) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

40.     Pursuant to section 1126(f) of the Bankruptcy Code, Unimpaired Creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, the Debtors submit that they need not transmit Solicitation Packages to Holders of Claims in the Unimpaired Classes who are Unimpaired and deemed to have accepted the Combined Disclosure Statement and Plan.

41.     Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g). Therefore, the Debtors submit that they need not transmit Solicitation Packages to Holders of Claims and Interests in any Class that will not receive any distribution or retain property under the Combined Disclosure Statement and Plan and are deemed to have rejected the Combined Disclosure Statement and Plan.

42.     The Debtors propose to mail or cause to be mailed to Holders of Claims in the Unimpaired Classes and the Deemed Rejecting Class (together, the "Non-Voting Classes"), at the address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice, substantially in the forms attached hereto as **Exhibits D and E** (together, the "Non-Voting Notices"), setting forth: (a) the non-voting classes; (b) summary of the treatment of Claims and Interests under the Combined Disclosure Statement and Plan; (c) the date and time of the Combined Hearing; (d) the deadline and procedures for filing Plan Objections; and (iv) the deadline for filing Administrative Expense Claims set forth in the Combined Disclosure Statement and Plan. The Non-Voting Notices will indicate that Non-Voting Parties may obtain a copy of the Combined Disclosure Statement and Plan free of charge from the Voting Agent. The Non-Voting Notices contain all of the required information with respect to the Combined Hearing, and, for the avoidance of doubt, the Debtors seek direction to send only the Non-Voting Notices to Holders of Claims in the Non-Voting Classes. The Debtors believe that the mailing of Non-Voting Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Accordingly, unless the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes.

43.     Further, the Debtors propose to mail or cause to be mailed to Holders of Claims in the Unimpaired Classes a form of opt-out, substantially in the form attached hereto as **Exhibit F** (the "Opt-Out Form") from the Third-Party Release set forth in Section IV.F.6 of the Plan.

44.     As indicated above, upon conditional approval of the Disclosures, the Voting Agent will serve on the appropriate parties either (a) a Solicitation Package, (b) a Non-Voting Notice and/or (c) Opt-Out Form.

45.     The Debtors also request a waiver of (i) any requirement to re-mail undeliverable Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved—no forwarding address," or otherwise returned; and (ii) any obligation for the Debtors or the Voting Agent to conduct any additional research for updated addresses based on undeliverable Solicitation Packages or other undeliverable solicitation-related notices.

### F.      Ballots and Voting

46.     The Debtors propose that the Court establish **April 30, 2024** as the record date (the "Voting Record Date") for the purposes of determining (a) which Creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Combined Disclosure Statement and Plan, subject to the disallowance of such Creditors' Claims for voting purposes as set forth herein, or (b) the Holders of Claims and Interests entitled to receive the Non-Voting Notice.

47.     The Voting Agent shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

48.     The Debtors additionally request that Creditors or other party seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Disclosure Statement and Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "3018 Motion") for such relief no later than **May 20, 2024 at 5:00 p.m. (ET)**.  The deadline for any party

in interest to object to a 3018 Motion shall be **May 27, 2024**.  The deadline for any reply to any

such objection to a 3018 Motion shall be **June 3, 2024 at 5:00 p.m. (ET)**.  Any such 3018 Motion

may also be resolved by agreement between the Debtors and the applicable Creditor without the

requirement for further order or approval of the Court.

**G.**    **Approval of Solicitation and Voting Procedures for Vote Tabulation**

49.    The Debtors respectfully request that the Court approve the Solicitation and Voting

Procedures described herein in accordance with Bankruptcy Code § 1126(c) and Bankruptcy

Rule 3018(a).

50.    Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted
> by creditors, other than any entity designated under subsection (e)
> of this section, that hold at least two thirds in amount and more than
> one half in number of the allowed claims of such class held by
> creditors, other than any entity designated under subsection (e) of
> this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and

hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for

the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

51.    The Debtors request that the Court approve the vote tabulation methodology as

more fully set forth in the voting instructions on the Ballots (attached as **Exhibit C**) utilized by the

Debtors.  To ease and clarify the process of tabulating all votes received, the Debtors propose that

a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain

criteria.  Specifically, the Debtors will not count or consider for any purpose in determining

whether the Plan has been accepted or rejected the following Ballots: (a) any Ballot that is received

after the Voting Deadline (unless the Voting Deadline as to such Ballot is extended by the Debtors

in their discretion subject to disclosure thereof in the Voting Report); (b) any Ballot that is illegible

or contains insufficient information to permit the identification of the Holder; (c) any Ballot cast

by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the

Combined Disclosure Statement and Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (f) any Ballot that was not accompanied by an original signature; and (g) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

52.     Additionally, as set forth in the proposed Ballots, the following Solicitation and Voting Procedures are requested:

a.  If an objection has not been filed to a Claim, the amount of such Claim for voting purposes only shall be the non-contingent, liquidated and undisputed Claim or Interest amount contained on a timely filed Proof of Claim or, if no Proof of Claim was timely filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Schedules, provided that any such Claim will still be a Disputed Claim or Disputed Interest, as applicable, for distribution purposes;

b.  If a claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c.  Notwithstanding anything to the contrary contained herein, any Creditor who has filed or purchased one or more duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

d.  Except to the extent the Debtors otherwise determine, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim or Interest files a motion pursuant to Bankruptcy Rule 3018;

e.  Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

f.  For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

g.  Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise; [10]

---

[10] For the avoidance of doubt, Ballots submitted online shall be deemed to contain an original signature.

h. The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

i. Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email, or any other electronic means (other than online balloting) will not be accepted unless otherwise ordered by the Court;

j. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

k. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

m. The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

o. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.   No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release;

t.   The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest; and

u.   The Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes.

53.     The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and tabulation of such votes.  The Debtors believe that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process.  Specifically, the Solicitation and Voting Procedures will clarify the obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied numerosity and amount requirements of section 1126(c) of the Bankruptcy Code.  The Debtors believe the proposed Solicitation and Voting procedures comply with the Bankruptcy Code and the Bankruptcy Rules and are reasonable and appropriate under the circumstances of these cases.  Accordingly, the Debtors submit that the Solicitation and Voting Procedures are in the best interests of the Debtors' Estates, Holders of Claims or Interests, and other parties interest, and that good cause supports the relief requested herein.

54.     Additionally, the Debtors request that the Voting Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in:  (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Combined Disclosure Statement and Plan, the Ballots, the Solicitation Packages, and all other documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting

to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan. To assist in the solicitation process, the Debtors request that the Court grant the Voting Agent the authority to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that neither the Debtors nor the Voting is required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification. The Debtors request that the Court give authorization to the Debtors and/or their Voting Agent, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding. The Solicitation and Voting Procedures and the authorization of the Voting Agent's assistance therewith comply with Bankruptcy Rule 3018(c) and should be approved.

## NON-SUBSTANTIVE MODIFICATIONS

55.    The Debtors request authorization to make non-substantive changes to the Combined Disclosure Statement and Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Notices, Ballots, Publication Notice, the Solicitation and Voting Procedures, and any related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Combined Disclosure Statement and Plan, and any other materials in the Solicitation Packages before distribution.

## NO PRIOR REQUEST

56.    No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

57.    The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) counsel to the DIP Secured Parties and the Prepetition First Lien Secured Parties; and (i)  any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, and grant such other and further relief as this Court deems just and proper.

Dated:  April 15, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   302-652-4100
Facsimile:   302-652-4400
Email: ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Elizabeth H. Jones (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email: joshua.sussberg@kirkland.com
         nicole.greenblatt@kirkland.com
         elizabeth.jones@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*