**<u>Exhibit 1</u>**

**Stipulation**

AMERICAS 126830498

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIENTRA, INC., *et al*.,[1] | Case No. 24-10245 (JTD) |
| Debtors. | (Jointly Administered) |

**STIPULATION BETWEEN THE DEBTORS, THE COMMITTEE, THE PREPETITION
FIRST LIEN SECURED PARTIES, AND THE DIP LENDERS REGARDING
RESOLUTION OF CHALLENGE PERIOD AND RELATED SETTLEMENT MATTERS**

This stipulation (this "**Stipulation**") is entered into by and among the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), the Official Committee of Unsecured Creditors (the "**Committee**"), the Prepetition First Lien Secured Parties (as defined in the Combined Disclosure Statement and Plan[2]), and the DIP Lenders (together with the Debtors, the Committee, and the Prepetition First Lien Secured Parties, the "**Consenting Parties**") regarding certain matters related to the Challenge Period and certain other matters related to the *Combined Disclosure Statement and Joint Plan of Sientra, Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 300] (as may be amended, modified, and supplemented, the "**Combined Disclosure Statement and Plan**"). Subject to approval of this Stipulation by the Court, the Consenting Parties hereby stipulate and agree as follows:

**WHEREAS,** on February 12, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code,

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Sientra, Inc. (1000); Mist Holdings, Inc. (4221); Mist, Inc. (1202); and Mist International, Inc. (3363). The Debtors' service address is 3333 Michelson Drive, Suite 650, Irvine, CA 92612.

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan or the Final DIP Order (both as defined herein), as applicable.

11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the Bankruptcy Court for the District of Delaware (the "**Court**").

WHEREAS, on February 14, 2024, the Court entered the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (I) Authorizing the Debtors to Obtain Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Authorizing the Use of Cash Collateral; (IV) Granting Adequate Protection to Prepetition First Lien Secured Parties; (V) Modifying the Automatic Stay; (VI) Scheduling Final Hearing; and (VII) Granting Related Relief* [Docket No. 61] (the "**Interim DIP Order**").

WHEREAS, on February 23, 2024, the Office of the United States Trustee for Region 3, District of Delaware appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 83].

WHEREAS, on March 11, 2024, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (I) Authorizing the Debtors to Obtain Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Authorizing the Use of Cash Collateral; (IV) Granting Adequate Protection to Prepetition First Lien Secured Parties; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief* [Docket No. 168] (the "**Final DIP Order**"). Pursuant to the Interim DIP Order and Final DIP Order, the Challenge Period ends on or prior to seventy-five (75) days after entry of the Interim DIP Order.

WHEREAS, on April 15, 2024, the Debtors filed the proposed Combined Disclosure Statement and Plan and the *Debtors' Motion for Entry of an Order (I) Granting Conditional Approval of the Adequacy of the Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing*

AMERICAS 126819995

*and Setting Dates and Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots and Notices in Connection Therewith; and (V) Granting Related Relief* [Docket No. 301].

**WHEREAS,** on April 16, 2024, the Committee filed a motion seeking to extend the Challenge Period through May 13, 2024 [Docket No. 312] (the "**Challenge Period Extension Motion**") and a motion to shorten notice and expedite hearing thereof [Docket No. 313] (the "**Motion to Shorten**").

**WHEREAS,** on April 17, 2024, the Debtors filed a response opposing the Motion to Shorten [Docket No. 316], and the Prepetition First Lien Secured Parties filed a response and joinder to the Debtors' response to the Motion to Shorten [Docket No. 317].

**WHEREAS,** on April 19, 2024, the Court entered the *Order Granting the Motion of the Official Committee of Unsecured Creditors to Shorten Notice and Schedule Expedited Hearing on Emergency Motion of the Official Committee of Unsecured Creditors to Extend the Challenge Period with Respect to the Prepetition First Lien Secured Parties Through May 13, 2024* [Docket No. 328] and scheduled a hearing on the Challenge Period Extension Motion (the "**Challenge Period Extension Hearing**") for April 26, 2024, at 2:00 p.m. (prevailing Eastern Time).

**WHEREAS,** prior to the Challenge Period Extension Hearing, on April 26, 2024, the Consenting Parties reached an agreement in principle with respect to the Challenge Period, the Combined Disclosure Statement and Plan, and the transactions contemplated thereby.

**WHEREAS,** on April 26, 2024, the Debtors filed a notice of cancellation regarding the Challenge Period Extension Hearing [Docket No. 346] and the Committee filed a notice of withdrawal of the Challenge Period Extension Motion [Docket No. 349].

AMERICAS 126819995

**WHEREAS,** the Consenting Parties, in an exercise of their fiduciary duties, as applicable, now seek to memorialize their agreement regarding the Challenge Period, the Combined Disclosure Statement and Plan, and the transactions contemplated thereby.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL, IT IS ORDERED THAT:

1.      Subject expressly to the terms of this Stipulation, the Challenge Period is hereby terminated.

2.      Promptly following approval by the Court of this Stipulation, the Debtors (with the Prepetition First Lien Secured Parties' and DIP Lenders' consent) agree to modify and amend the Combined Disclosure Statement and Plan (as modified and amended in accordance with this Stipulation, the "**Amended Combined Disclosure Statement and Plan**") and any documents contemplated by the Combined Disclosure Statement and Plan, as follows:

a.  **Treatment of General Unsecured Claims.** The Amended Combined Disclosure Statement and Plan shall provide that each Holder of an Allowed General Unsecured Claim will receive its Pro Rata share of $525,000.00 (the "**Cash Pool**"). The Amended Combined Disclosure Statement and Plan shall further provide that, to the extent any Prepetition First Lien Deficiency Claim or DIP Facility Deficiency Claim, constitutes a General Unsecured Claim, that the Holders of any such Prepetition First Lien Deficiency Claim or DIP Facility Deficiency Claim shall be deemed to waive, and agree to waive, the right to receive any distribution under the Plan, including from the Cash Pool. For the avoidance of doubt, and notwithstanding the previous sentence, the Holders of the Prepetition First Lien Deficiency Claims and/or the DIP Facility Deficiency Claims shall be entitled to vote on the Plan.

b.  **Treatment of Interests**. The Consenting Parties shall use commercially reasonable efforts to support the definition of "Interests" provided in the Combined Disclosure Statement and Plan.

c.  **Treatment of Priority Claims.** The Debtors shall satisfy all Allowed Administrative Expense Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims in the manner set forth in Article II and Article III of the Combined Disclosure Statement and Plan.

AMERICAS 126819995

d. **Releases, Exculpation.** The Amended Combined Disclosure Statement and Plan shall provide that the definitions of "Released Parties," "Releasing Parties," and "Exculpated Parties" each shall include the Committee and the members thereof in their capacities as such and, with respect to the foregoing, their respective Related Parties. For the avoidance of doubt, the Debtors, the Prepetition First Lien Secured Parties, the DIP Lenders, and the DIP Agent and such parties' Related Parties shall also be "Released Parties" and "Releasing Parties," and the Debtors and their Related Parties shall also be "Exculpated Parties," in each case as is currently contemplated by the Combined Disclosure Statement and Plan.

e. **Professional Fee Claims.** The Debtors shall establish the Professional Fee Escrow Account, and the Prepetition First Lien Secured Parties and DIP Lenders shall consent to the funding of the Professional Fee Escrow account, in an amount sufficient to satisfy all Allowed Professional Fee Claims in full in Cash as set forth in Art. IV(A)(2) of the Combined Disclosure Statement and Plan.

f. **Modifications or Waivers of Certain Plan Provisions.** The Amended Combined Disclosure Statement and Plan shall provide that the Committee's consent (which shall not be unreasonably withheld or conditioned) shall be required to amend or modify in an adverse manner to the Committee or its members: (w) without limiting the Committee's rights upon the occurrence of a Challenge Period Trigger Event, the treatment provided to Holders of General Unsecured Claims contemplated by the modifications set forth in paragraph 2(a) of this Stipulation; (x) solely with respect to the Committee and its members (in their capacities as such) and their respective Related Parties, the definitions of Released Party, Releasing Party, or Exculpated Party in the Amended Combined Disclosure Statement and Plan; (y) solely with respect to the Committee, Article IV(A)(2) with respect to the Professional Fee Claims (including, for the avoidance of doubt, the funding of the Professional Fee Escrow Account); or (z) any condition precedent to the occurrence of the Effective Date with respect to the funding of the Professional Fee Escrow Account. For the avoidance of doubt, the other terms of the Amended Combined Disclosure Statement and Plan shall be as provided in the Combined Disclosure Statement and Plan, or as otherwise agreed by the Debtors, the Prepetition First Lien Secured Parties, and the DIP Lenders (in consultation with the advisors to the Committee with respect to any change that is materially adverse to the Committee or Holders of General Unsecured Claims).

3.    The Debtors shall file the Amended Combined Disclosure Statement and Plan consistent with the terms set forth in this Stipulation prior to the hearing seeking conditional approval of the Combined Disclosure Statement and Plan.

5

4.    For purposes of this Stipulation, a "Challenge Period Trigger Event" shall occur if: (x) the Debtors do not, prior to the hearing seeking conditional approval of the Combined Disclosure Statement and Plan, file the Amended Combined Disclosure Statement and Plan with the modifications set forth in paragraph 2(a) of this Stipulation; (y) the Debtors withdraw the Amended Combined Disclosure Statement and Plan prior to confirmation and either (i) file an alternative plan that does not provide for the treatment set forth in paragraph 2(a) of this Stipulation or (ii) do not file an alternative plan contemporaneously therewith; or (z) the Combined Disclosure Statement and Plan or any other chapter 11 plan filed in these Chapter 11 Cases following the effectiveness of this Stipulation does not provide for the treatment set forth in paragraph 2(a) of this Stipulation.  Upon the occurrence of a Challenge Period Trigger Event, without further approval by the Court, (1) the termination of the Challenge Period set forth herein shall be null and void, ab initio, solely with respect to the Committee, (2) any stipulations or releases subject to the Challenge Period in the Final DIP Order shall be deemed null and void, ab initio, solely with respect to the Committee, and (3) the Committee shall have the right, prior to 11:59 p.m. (prevailing Eastern Time) on the date that is seven (7) calendar days following the occurrence of the date of a Challenge Period Trigger Event, to file a motion seeking standing to file a Challenge consistent with the requirements and other conditions set forth in the Final DIP Order (other than, for the avoidance of doubt, the requirement to file such motion prior to the date that is seventy-five (75) days after entry of the Interim DIP Order), without prejudice to the fact that the Challenge Period was previously terminated; *provided, however*, that in the event the Committee files such a motion, the Debtors, the Prepetition First Lien Secured Parties, and the DIP Lenders shall have the right to object to any such motion in writing prior to any hearing on the Committee's motion; *provided, further, however*, that the rights of the Committee to

6

respond to any such objection are reserved in all respects.

5.      Without limiting the Committee's rights to pursue a Challenge following a Challenge Period Trigger Event on the terms set forth in paragraph 4 of this Stipulation, each Consenting Party agrees that if any other Consenting Party breaches any terms of this Stipulation, each such Consenting Party shall have the right to (x) object to approval of the Disclosure Statement and confirmation of the Plan and (y) enforce the terms of this Stipulation (including through any remedies available in law or equity).

6.      The Consenting Parties agree to engage in good faith to amend the Combined Disclosure Statement and Plan, the Plan Supplement, all other contracts, instruments, releases, indentures and other agreements or documents adopted in connection with the Combined Disclosure Statement and Plan and Plan Supplement to reflect the terms of this Stipulation.

7.      The Committee agrees to support confirmation of the Amended Combined Disclosure Statement and Plan by preparing a customary support letter or encouraging Holders of General Unsecured Claims to vote in favor of the Amended Combined Disclosure Statement and Plan to not opt out of the third-party releases contemplated by the Amended Combined Disclosure Statement and Plan, a draft of which letter or statement shall be shared with counsel to the other Consenting Parties as soon as reasonably practicable in advance of solicitation and in no event less than two days in advance thereof.

8.      Unless specified herein, nothing in this Stipulation shall be deemed to modify or amend in any way, the rights, interests, and obligations of any party in interest as set forth in the Final DIP Order.

9.      The Consenting Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Court.

AMERICAS 126819995

10.     Other than as expressly provided herein, this Stipulation should not be construed in any way as a waiver or relinquishment of any rights that any Consenting Party has to bring or be heard on any matter brought before the Court.

11.     The failure of a Consenting Party to otherwise exercise the rights and remedies afforded under this Stipulation or applicable law, as the case may be, shall not constitute a waiver of any of the rights thereunder.

12.     Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any Consenting Party regarding any claim or right that such Consenting Party may have against the other.

13.     Other than as explicitly provided for herein, this Stipulation does not create any rights for the benefit of any party, creditor, equity holder, or other entity other than: (i) the Debtors; (ii) the Prepetition First Lien Secured Parties; (iii) the DIP Agent; (iv) the DIP Lenders; and (v) the Committee.

14.     Section headings used herein are for convenience only and are not to affect the construction of or be taken into consideration in interpreting this Stipulation.

15.     Each person who executes this Stipulation on behalf of each Consenting Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Consenting Party.

16.     The Consenting Parties shall cooperate with one another to seek Court approval of this Stipulation, which shall be effective solely upon entry by the Court of an order approving this Stipulation.

17.     All representations, warranties, inducements, and/or statements of intention made

AMERICAS 126819995

by the Consenting Parties that relate to this Stipulation are embodied in this Stipulation, and none of the Consenting Parties relied on, will be bound by, or will be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.  This Stipulation constitutes the entire agreement between the parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties and approved by the Court.

18.    This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Consenting Parties here to be charged.

19.    The Court shall retain exclusive jurisdiction to determine all matters pertaining to the implementation, interpretation, and enforcement of this Stipulation and any order approving the same.

AMERICAS 126819995

Dated:  April 30, 2024
        Wilmington, Delaware

| | |
|---|---|
| /s/ Laura Davis Jones | /s/ Justin R. Alberto |

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Elizabeth H. Jones (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:  joshua.sussberg@kirkland.com
        nicole.greenblatt@kirkland.com
        elizabeth.jones@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Justin R. Alberto (No. 5126)
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
**COLE SCHOTZ, P.C.**
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email:  jalberto@coleschotz.com
        preilley@coleschotz.com
        snewman@coleschotz.com

-and-

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL  60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com
        aoneill@whitecase.com

-and-

Kimberly A. Havlin (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Andrea Amulic (admitted *pro hac vice*)
Andrea Kropp (admitted *pro hac vice*)
Jade H. Yoo (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  kim.havlin@whitecase.com
        sam.hershey@whitecase.com
        andrea.amulic@whitecase.com
        andrea.kropp@whitecase.com
        jade.yoo@whitecase.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

*/s/ Benjamin S. Beller*
Christopher M. Samis (No. 4909)
Aaron H. Stulman (No. 5807)
Gregory J. Flasser (No. 6154)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email:  csamis@potteranderson.com
         astulman@potteranderson.com
         gflasser@potteranderson.com

-and-

Ari B. Blaut, Esq.
Benjamin S. Beller, Esq.
David M. Rosenthal, Esq.
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email:  blauta@sullcrom.com
         bellerb@sullcrom.com
         rosenthald@sullcrom.com

*Counsel to Deerfield Partners L.P.*

AMERICAS 126819995